# Exhibit C

12/22/2017 4:05 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-006890
Ruben Tamez

D-1-GN-17-006890

CAUSE NO. _____

| | | |
|---|---|---|
| Bonnie Crankshaw, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| City of Elgin and Thomas Mattis, | § | TRAVIS COUNTY, TEXAS |
| City Manager, in his individual | § | |
| capacity | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | 201ST |
| | § | ——sr JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, & JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Bonnie Crankshaw ("Plaintiff") complaining of City of Elgin and Thomas

Mattis, City Manager for the City of Elgin ("Defendants") and for a cause of action would

respectfully show unto the Court as follows:

#### DISCOVERY

1. *Discovery Control Plan.* Pursuant to Rule 190.3 of the Texas Rules of Civil Procedures,

Discovery Control Plan Level Three governs this lawsuit.

2. *Request for Disclosure.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure,

Defendants are required to disclose, within 50 days of service of this request, the information

described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PARTIES

3.     Plaintiff is a resident of the State of Texas.  She currently resides in Texas, and she has resided there at all times material to this lawsuit.

4.     Defendant City of Elgin is a political subdivision organized under the laws of Texas and located in Travis County.  According to section 17.024(c) of the Texas Civil Practice & Remedies Code, Defendant may be served with process by serving its Secretary, Amelia Sanchez, at 310 N. Main Street, Elgin, Texas 78621 and/or wherever she may be found.

5.     Defendant Thomas Mattis is a resident of Travis County who may be served with process at his usual place of business at 310 N. Main Street, Elgin, Texas 78621 and/or at his residence at 6713 Esther Dr., Austin, TX 78752 and/or wherever he may be found.

## MISNOMER

6.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

7.     Venue is proper in Travis County because Defendant City of Elgin is a municipality that is located in Travis County and because Defendant Mattis resides in Travis County.  TEX. CIV. PRAC. & REM. CODE §§ 15.002, 15.0151.

---

8.     Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over one million dollars ($1,000,000).  This Court has general and specific jurisdiction over Defendants and this matter.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff timely filed a complaint with the Texas Workforce Commission – Civil Rights Division ("TWC"), formerly known as the Texas Commission on Human Rights alleging that Defendants committed unlawful employment practices against Plaintiff in violation of the Texas Commission on Human Rights Act ("TCHRA"), Family Medical Leave Act ("FMLA"), Title VII, and the Americans with Disabilities Act ("ADA").

10.    On October 30, 2017, Plaintiff received from the TWC, Plaintiff's Right to File Civil Action letter allowing Plaintiff to file this lawsuit within sixty days of receipt.  Plaintiff's statutory claims have been filed within sixty days of its receipt.  Plaintiff invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

11.    On November 22, 2017, the U.S. Equal Employment Opportunity Commission ("EEOC") mailed its right to sue letter noting that it had adopted TWC's findings.

---

## STATEMENT OF FACTS

12.   After Plaintiff was honorably discharged from the United States military, Plaintiff was diagnosed with Post-Traumatic Stress Disorder.

13.   Plaintiff was first employed by Defendant in June 2013 and was employed as the human resources administrator for the City of Elgin for approximately three years. Throughout her employment, Plaintiff consistently received positive performance reviews. In her last performance review, Plaintiff's performance was described as "exceeds expectations," and she received a raise.

14.   In October 2016, Plaintiff requested intermittent FMLA leave and ADA reasonable accommodations based on her disability.  These requests were denied.  Instead, Defendants discharged Plaintiff.

15.   Defendants claimed Plaintiff's requests would create an undue hardship and refused to engage in the interactive process to see if an agreement for a reasonable accommodation could be reached.  Instead, Defendants asked Plaintiff to resign and placed her on leave.  While Plaintiff was on leave, Defendants attempted to have Plaintiff resign by offering her a severance.  When Plaintiff did not agree to resign, Defendants discharged her.

16.   Plaintiff was retaliated against for requesting FMLA benefits.  Defendants responded to her request for FMLA leave and a reasonable accommodation with a demand to resign and ultimately terminated her employment.

17.   Plaintiff was also discriminated against because of her disability and then retaliated against for requesting a reasonable accommodation and attempting to engage in the interactive process.

18.   Plaintiff was fired shortly after Defendants were notified of her discrimination complaint.

19.   Plaintiff received a notice stating that she had been terminated effective December 27, 2016.

20.   On January 25, 2017, Defendants retracted the offered severance agreement in retaliation for Plaintiff protesting the discrimination and filing to enforce her rights.

21.   Defendants later claimed Plaintiff had been terminated because she did not return to work on January 13, 2017, when her FMLA leave had been used.

22.   During 2016 and 2017, the City of Elgin had a male employee on intermittent FMLA status.

## TCHRA VIOLATIONS

23.   Plaintiff incorporates by reference the allegations contained the above paragraphs.

24.   Defendants discriminated against Plaintiff because of her sex and disability.   TEX. LAB. CODE § 21.052.

25.   Defendants retaliated against Plaintiff for opposing a discriminatory practice; filing a charge; filing a complaint, and/or testifying, assisting, or participating in an investigation, proceeding, or hearing. *Id.* § 21.055.

26.  Defendants failed to make a good faith effort to make a reasonable accommodation to Plaintiff's disability and/or because Defendants regarded her as having a disability. *Id.* § 21.128.

27.  As a result of Defendants' violations of the TCHRA, Plaintiff has suffered actual damages in the form of back pay, interest on back pay, and mental anguish. *Id.* § 21.258– .2585.

28.  As a result of Defendants' violations, Plaintiff will also suffer, in the future, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. *Id.* § 21.2585(d).

29.  As a result of Defendants' violations, Plaintiff also seeks punitive damages, attorneys' fees, and costs. *Id.* § 21.259.

## FMLA VIOLATIONS

30.  Plaintiff incorporates by reference the allegations contained the above paragraphs.

31.  Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

32.  Defendants both satisfy the definition of "employers" as defined by the FMLA in 29 U.S.C. § 2611(4).

33.  At all relevant times, Plaintiff was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

34.   While Plaintiff was employed by Defendants, Plaintiff and/or her family members had conditions that fit the definition of "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

35.   Plaintiff was entitled to medical leave and gave proper notice of her intention to take intermittent FMLA leave.

36.   Defendants denied her the benefits of FMLA leave.

37.   Prior the exhaustion of medical leave allowed under the FMLA, Defendants interfered with Plaintiff's leave by terminating Plaintiff's employment.

38.   Defendants terminated Plaintiff's employment in retaliation for engaging in a protected activity.

39.   Although Defendants were subject to the FMLA's requirements and Plaintiff was an eligible employee who was entitled to FMLA leave, Defendants responded to Plaintiff's notice of her intention to take intermittent FMLA leave by denying her the benefits she was entitled to under the FMLA.

40.   Although Plaintiff was protected under the FMLA, she suffered an adverse employment decision because she requested and/or took FMLA leave.

41.   Plaintiff was treated less favorably than employees who had not requested and/or taken FMLA leave.

---

42.   As a result of Defendants violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at the time of trial.

43.   As a result of Defendants willful violations of the FMLA, Plaintiff requests she be awarded all damages to which she is entitled, as outlined in 29 U.S.C. § 2617, including but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests reasonable attorneys' fees and court costs and any additional equitable relief to which she is entitled.

### ADA and Title VII Violations

44.   Plaintiff incorporates by reference the allegations contained the above paragraphs.

45.   Plaintiff belongs to a protected class because of her disability and her sex (female).

46.   Plaintiff was qualified to do her job and performed at a satisfactory level.

47.   Plaintiff requested a reasonable accommodation due to her disability, which Defendants could have provided and would have permitted Plaintiff to perform her job.

48.   Plaintiff suffered an adverse employment action when Defendants refused to provide a reasonable accommodation, constructively discharged, and/or discharged Plaintiff.

49.   Plaintiff suffered this adverse employment action because of her disability and/or because of her sex and/or because she was regarding as having a disability.

---

50.   Defendants gave better treatment to similarly-situated individuals outside Plaintiff's protected class.

51.   Defendants created a hostile work environment because of Plaintiff's disability and her sex.

52.   As a result of Defendants actions and discriminatory intent, Plaintiff has suffered damages as alleged in this Petition.

### JURY DEMAND

53.   Plaintiff, by and through her attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this demand for trial by jury. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee with the county clerk.  Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

### REQUEST FOR RELIEF

54.   Based on the foregoing, Plaintiff requests that Defendants appear and answer, and that on final trial of this lawsuit Plaintiff have final judgment against Defendants for the following relief:

      a.   all reasonable damages;

      b.   lost earnings and employee benefits in the past;

      c.   lost earning and employee benefits that in reasonable probability will be lost in the future;

---

d.  compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses);

e.  exemplary damages;

f.  pre-judgment and post-judgment interest;

g.  costs of suit;

h.  attorneys' fees; and

i.  the award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

## PRAYER

55.  Wherefore, premises considered, Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**O'HANLON, DEMERATH & CASTILLO**
808 West Avenue
Austin, Texas 78701
(512) 494-9949
FAX: (512) 494-9919

*/s/ David Campbell*
David Campbell
State Bar No. 24057033
*dcampbell@808west.com*

*Counsel for Plaintiff*

---

Original Petition                                                                 Page 10

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-006890**

BONNIE CRANKSHAW

CERTIFIED MAIL 7014-3490-0000-6723-1449

, Plaintiff

vs.

CITY OF ELGIN AND THOMAS MATTIS, CITY MANAGER, IN HIS INDIVIDUAL CAPACITY

, Defendant

TO:  CITY OF ELGIN
     BY SERVING ITS CITY SECRETARY AMELIA SANCHEZ
     310 N. MAIN STREET
     ELGIN, TEXAS 78621
     OR WHEREVER SHE MAY BE FOUND

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 22, 2017 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office December 28, 2017.

REQUESTED BY:
DAVID JAY CAMPBELL
808 WEST AVE
AUSTIN, TX 78701
BUSINESS PHONE:(512)494-9949  FAX:(512)494-9919

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

R E T U R N

Came to hand on the _____ day of _____, _____ at _____ o'clock _____ M., and

executed at _____ within the County of _____

_____ on the _____ day of _____, _____, at _____ o'clock _____ M.,

by delivering to the within named ____ _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-17-006890                    SERVICE BY THE DISTRICT CLERK              P01 - 000060181

☐ Original    ☐ Service Copy

C I T A T I O N
T H E   S T A T E   O F   T E X A S
**CAUSE NO. D-1-GN-17-006890**

BONNIE CRANKSHAW

, Plaintiff

vs.

CITY OF ELGIN AND THOMAS MATTIS, CITY MANAGER, IN HIS INDIVIDUAL CAPACITY

Defendant

TO:   THOMAS MATTIS          CERTIFIED MAIL 7014-3490-0000-6723-1456
      310 N. MAIN STREET
      ELGIN, TEXAS 78621
      OR AT HIS RESIDENCE
      6713 ESTHER DR.
      AUSTIN, TEXAS 78752
      OR WHEREVER HE MAY BE FOUND

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 22, 2017 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 28, 2017.

REQUESTED BY:
DAVID JAY CAMPBELL
808 WEST AVE
AUSTIN, TX 78701
BUSINESS PHONE:(512)494-9949   FAX:(512)494-9919

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

- - - - - - - - - **R E T U R N** - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at ____ o'clock ___M., and
executed at _____ within the County of
_____ on the ____ day of _____, _____, at _____ o'clock ___M.,
by delivering to the within named _____ , each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____,

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____      _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-17-006890              SERVICE BY THE DISTRICT CLERK         P01 - 000060182
☐Original      ☐Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-006890**

BONNIE CRANKSHAW

vs.                                                              , Plaintiff

CITY OF ELGIN AND THOMAS MATTIS, CITY MANAGER, IN HIS INDIVIDUAL CAPACITY

                                                                , Defendant

TO:  THOMAS MATTIS            **CERTIFIED MAIL 7014-3490-0000-6723-1456**
     310 N. MAIN STREET
     ELGIN, TEXAS 78621                          Filed in The District Court
     OR AT HIS RESIDENCE                          of Travis County, Texas
     6713 ESTHER DR.
     AUSTIN, TEXAS 78752                            JAN - 9 2018  RT
     OR WHEREVER HE MAY BE FOUND
                                                   At_____10:00_____M.
Defendant, in the above styled and numbered cause:      Velva L. Price, District Clerk
**YOU HAVE BEEN SUED.   You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND of
the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 22, 2017 in the
201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 28, 2017.

REQUESTED BY:
DAVID JAY CAMPBELL
808 WEST AVE
AUSTIN, TX 78701
BUSINESS PHONE:(512)494-9949  FAX:(512)494-9919
                                    Velva L. Price
                                    Travis County District Clerk
                                    Travis County Courthouse
                                    1000 Guadalupe, P.O. Box 679003 (78767)
                                    Austin, TX  78701

                                    PREPARED BY: RUBEN TAMEZ
-- -- -- -- -- -- --   **R E T U R N**  -- -- -- -- -- -- --
Came to hand on the _____ day of _____, _____ at _____ o'clock __ M., and
executed at _____ within the County of
_____ _____ on the _____ day of _____, _____, at _____ o'clock __ M.,
by delivering to the within named _____, each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, REQUEST FOR
DISCLOSURE AND JURY DEMAND, LAWYER REFERRAL accompanying pleading, having first attached such copy
of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____
                                    _____
                                    Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the
                                    By:_____  _____
_____ day of _____, _____.
                                    _____
                                    Printed Name of Server

_____            _____  _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-17-006890                    SERVICE BY THE DISTRICT CLERK        P01 - 000060182
☐ Original    ☐ Service Copy

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THOMAS MATTIS
310 N. MAIN ST
ELGIN, TX 78621
OR AT HIS RESIDENCE
6713 ESTHER DR.
AUSTIN, TX 78752
OR WHEREVER HE MAY BE FOUND

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☑ Addressee

B. Received by (Printed Name)   C. Date of Delivery
THOMS L. MATTIS  12/27/17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7014 3490 0000 6723 1456

PS Form 3811, July 2013   Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

7014 3490 0000 6723 1456

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees

Postmark
Here

Sent To
THOMAS MATTIS
310 N. MAIN ST
ELGIN, TX 78621
OR AT HIS RESIDENCE
6713 ESTHER DR
AUSTIN, TX 78752
OR WHEREVER HE MAY BE FOUND

PS Form 3800, July 2013   See Reverse for Instructions

1/19/2018 3:48 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-006890
Terri Juarez

CAUSE NO. D-1-GN-17-006890

| | | |
|---|---|---|
| BONNIE CRANKSHAW | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 201ST JUDICIAL DISTRICT |
| | § | |
| CITY OF ELGIN AND THOMAS | § | |
| MATTIS, CITY MANAGER, IN | § | |
| HIS INDIVIDUAL CAPACITY | § | TRAVIS COUNTY, TEXAS |

<u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CITY OF ELGIN and THOMAS MATTIS, CITY MANAGER, IN HIS INDIVIDUAL CAPACITY, Defendants in the above-entitled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition on file herein and as grounds therefore, would respectfully show unto the Court and Jury as follows:

I.

The Texas Rules of Civil Procedure, and in particular Rule 92 thereof, affords citizens and municipalities of this State certain protections with respect to lawsuits of this type. Accordingly, Defendants invoke the provisions of that rule and do generally deny the allegations now made against them by the Plaintiff and her attorney and at any trial of this cause, Defendants will exercise their legal rights in this regard and require Plaintiff to carry the burden of proof which the law imposes upon her to prove each and every material allegation contained in her pleadings by a preponderance of the credible evidence.

II.

Defendants demand a jury trial in this cause.

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF ELGIN and THOMAS MATTIS, CITY MANAGER, IN HIS INDIVIDUAL CAPACITY pray that upon

final hearing of this cause the Court enter its judgment to the effect that Plaintiff take nothing by way of her causes of action against Defendants, that all costs of court be assessed against Plaintiff and for such other and further relief to which Defendants may be justly entitled, either at law or in equity.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
900 Congress, Suite 500
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)

*Mike Thompson, Jr.*

By:_____
    Mike Thompson, Jr.
    State Bar No. 19898200
    mthompson@w-g.com

**ATTORNEYS FOR DEFENDANTS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by in accordance with the Texas Rules of Civil Procedure, to following counsel of record via:
_____Hand Delivery;
x     Facsimile
_____Certified Mail, Return Receipt Requested
_____Receipted Commercial Delivery
x     Electronically Filed
x     Electronically Served
O'HANLON, DEMERATH & CASTILLO
David Campbell
808 West Avenue
Austin, Texas 78701
FACSIMILE: 512-494-9949
EMAIL: dcampbell@808west.com
**Attorneys for Plaintiff**
on the 19th day of January 2018.

*Mike Thompson, Jr.*

_____
Mike Thompson, Jr.

2