FILED
MAY 23 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE CRANKSHAW, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| CITY OF ELGIN and THOMAS MATTIS, *City Manager, in his individual capacity*, | § § § § | 1:18-CV-75-RP |
| Defendants. | § § | |

# VERDICT FORM

## PART 1: Plaintiff Crankshaw's Claims against Defendant City of Elgin

### (First Cause of Action: FMLA Interference)

**Question 1**

Did Defendant City of Elgin deny, restrain, or interfere with Plaintiff's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA after her second request for FMLA leave on October 3, 2016?

Answer "Yes" or "No."

_____yes_____

*Proceed to Question 2.*

**Question 2**

Did Defendant City of Elgin fail or refuse to restore Plaintiff Bonnie Crankshaw to her same or an equivalent job position on her return from FMLA leave?

Answer "Yes" or "No."

_____yes_____

*Proceed to Question 3.*

1

(Second Cause of Action: FMLA Retaliation)

### Question 3

Did Defendant City of Elgin terminate Plaintiff Bonnie Crankshaw because of her FMLA-protected activity?

Answer "Yes" or "No."

_____NO_____

*Proceed to Question 4.*

### Question 4

Did Defendant City of Elgin fail or refuse to restore Plaintiff Bonnie Crankshaw to her same or an equivalent job position on her return from FMLA leave?

Answer "Yes" or "No."

_____NO_____

*Proceed to Question 5.*

2

(Third Cause of Action: ADA Discrimination)

**Question 5**

Did Plaintiff Bonnie Crankshaw have a disability?

Answer "Yes" or "No."

_____Yes_____

*If you answered, "Yes" to Question 5 then proceed to Question 6. Otherwise, do not answer Question 6, 7, 8 and 9 and proceed to Question 10.*

**Question 6**

Has Plaintiff Crankshaw proved that Defendant City of Elgin terminated her because of her disability?

Answer "Yes" or "No."

_____NO_____

*Proceed to Question 7.*

3

(Fourth Cause of Action: ADA Failure to Accommodate)

**Question 7**

Was Plaintiff Bonnie Crankshaw a qualified individual, who could perform the essential functions of the HR Administrator job—despite her disability—when she was terminated?

Answer "Yes" or "No."

_____yes_____

*If you answered "Yes" to Question 7, proceed to Question 8. Otherwise, do not answer Questions 8 or 9 and proceed to Question 10.*

**Question 8**

Did Defendant City of Elgin know that Plaintiff Bonnie Crankshaw was disabled?

Answer "Yes" or "No."

_____yes_____

*If you answered "Yes" to Question 8 proceed to Question 9. Otherwise, proceed to Question 10.*

**Question 9**

Did Defendant City of Elgin fail to reasonably accommodate Plaintiff Bonnie Crankshaw's disability?

Answer "Yes" or "No."

_____NO_____

*Proceed to Question 10.*

4

<u>(Fifth Cause of Action: ADA Retaliation)</u>

**Question 10**

Did Defendant City of Elgin terminate Plaintiff Bonnie Crankshaw because of her request for accommodations?

Answer "Yes" or "No."

_____NO_____

*Proceed to Question 11.*

(Compensatory FMLA Damages—Claims against City of Elgin)

**Question 11**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Bonnie Crankshaw for the damages, if any, you have found Defendant City of Elgin caused her by failing to timely respond to her first FMLA intermittent leave request on August 12, 2016?

Answer in dollars and cents:

$ 5,000.00

*Proceed to Question 12 if you answered "Yes" to Questions 1, 2, 3, or 4. Otherwise, do not answer Question 12 and proceed to Question 13.*

**Question 12**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Bonnie Crankshaw for damages, if any, you have found Defendant City of Elgin caused Plaintiff Bonnie Crankshaw?

Answer in dollars and cents for the following items and none other:

1. Wages, salary, employment benefits, or other compensation denied or lost from January 13, 2017 to May 24, 2019.

   $ 14,660.00

*Proceed to Question 13.*

<u>(Compensatory ADA Damages—Claims against City of Elgin)</u>

**Question 13**

*Answer Question 13 if you answered "Yes" to Questions 7 and 8, and you answered "Yes" to either Question 9 or Question 10. Otherwise, do not answer Question 13 and proceed to Question 14.*

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Bonnie Crankshaw for damages, if any, you have found Defendant City of Elgin caused Plaintiff Bonnie Crankshaw?

Answer in dollars and cents for the following items and none other:

1. Wages and benefits from January 13, 2017, to May 24, 2019.

    $_____

2. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

3. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

*Proceed to Question 14.*

### (Mitigation of Damages—Claims against City of Elgin)

**Question 14**

Has Defendant City of Elgin demonstrated that Plaintiff Bonnie Crankshaw failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No."

_____yes_____

*If you answered "Yes" to Question 14, proceed to Question 15. Otherwise, do not answer Question 15 and proceed to Part 2.*

**Question 15**

What sum of money, if paid now in cash, is the amount by which Plaintiff's damages, if any, could have been reduced through her reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer in dollars and cents:

$____0____

*Proceed to Part 2.*

## PART 2: Plaintiff Crankshaw's Claims against Defendant Thomas Mattis

### (First Cause of Action: FMLA Interference)

### Question 1

Did Defendant Thomas Mattis deny, restrain, or interfere with Plaintiff's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA?

Answer "Yes" or "No."

_____yes_____

*Proceed to Question 2.*

### Question 2

Did Defendant Thomas Mattis fail or refuse to restore Plaintiff Bonnie Crankshaw to her same or an equivalent job position on her return from FMLA leave?

Answer "Yes" or "No."

_____yes_____

*If you answered "Yes" to Question 1 or Question 2, proceed to Question 3. Otherwise, do not answer Question 3 and proceed to Question 4.*

### Question 3

Do you find that Thomas Mattis is entitled to qualified immunity for interfering with Plaintiff Bonnie Crankshaw's right to leave under the FMLA?

Answer "Yes" or "No."

_____yes_____

*Proceed to Question 4.*

9

(Second Cause of Action: FMLA Retaliation)

### Question 4

Did Defendant Thomas Mattis terminate Plaintiff Bonnie Crankshaw because of her FMLA-protected activity?

Answer "Yes" or "No."

_____NO_____

*If you answered "Yes" to Question 4, proceed to Question 5. Otherwise do not answer Question 5 and proceed to Question 6.*

### Question 5

Do you find that Thomas Mattis is entitled to qualified immunity for terminating Plaintiff Bonnie Crankshaw?

Answer "Yes" or "No."

_____Yes_____

*Proceed to Question 6.*

<u>(Compensatory FMLA Damages—Claims against Mattis)</u>

### **Question 6**

*Answer Question 6 if (1) you answered "Yes" to both Questions 1 and 2 and "No" to Question 3; or (2) you answered "No" to Question 4 and "No" to Question 5. Otherwise, do not answer Question 6, and proceed to Question 7.*

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Bonnie Crankshaw for damages, if any, you have found Defendant Thomas Mattis caused Plaintiff Bonnie Crankshaw?

Answer in dollars and cents for the following items and none other:

1. Wages, salary, employment benefits, or other compensation denied or lost from January 13, 2017, to May 24, 2019.

    $ _____0_____

*Proceed to Question 7.*

(Mitigation of Damages—Claims against Mattis)

**Question 7**

Has Defendant Thomas Mattis demonstrated that Plaintiff Bonnie Crankshaw failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No."

_____yes_____

*If you answered "Yes" to Question 7, proceed to Question 8. Otherwise, do not answer Question 8.*

**Question 8**

What sum of money, if paid now in cash, is the amount by which Plaintiff's damages, if any, could have been reduced through her reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer in dollars and cents:

$___0___

12

## **VERDICT OF THE JURY**

We, the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court, and under the instructions of the Court, as our verdict in this cause.

SIGNED this 23 day of May, 2019.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
PRESIDING JUROR