IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE CRANKSHAW, | § | |
| Plaintiff, | § § § | |
| v. | § | 1:18-CV-75-RP |
| CITY OF ELGIN and THOMAS MATTIS, *City Manager, in his individual capacity*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is a motion to enter judgment filed by Defendants City of Elgin and Thomas Mattis (collectively, "Defendants"). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be granted in part.

**I. BACKGROUND**

Plaintiff Bonnie Crankshaw ("Crankshaw") brought claims against her former employer, the City of Elgin ("the City") and her former superior, Thomas Mattis ("Mattis"), alleging interference and retaliation under the Family and Medical Leave Act ("FMLA") and discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). (*See* Am. Compl., Dkt. 16, at 9–14). After a full trial, the Court submitted the case to the jury. (Jury Charge, Dkt. 67). The jury found that the City denied, restrained or interfered with Crankshaw's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA, after Plaintiff's request for FMLA leave on October 3, 2016. (Jury Verdict, Dkt. 71, at 1). The jury awarded Crankshaw $14,660.00[1] to compensate her for wages, salary, employment benefits, and other compensation denied or lost between January 13, 2017 (the date she was fired) and May 24, 2019

---

[1] The Jury also awarded $5,000.00 to compensate Crankshaw for damages caused by the City's failure to timely respond to her earlier FMLA leave request on August 12, 2016. (Verdict, Dkt. 71, at 6). That award is undisputed.

1

(the date of the jury verdict) as a result of the City's FMLA interference. (Jury Verdict, Dkt. 71, at 6). Defendants now move the Court to enter judgment on the jury's verdict awarding Crankshaw $19,660.00. (Mot., Dkt. 73, at 1).

## II. DISCUSSION

Defendant argues that the Court should enter judgment and limit Crankshaw's recovery to that amount plus pre-judgment interest. (Mot., Dkt. 73, at 2 & n.2). Most notably, Defendants argue that Crankshaw has waived her right to seek attorney's fees and costs by failing to timely file a motion. (*Id.*). Crankshaw responds by requesting that the Court modify the jury's award for back pay, but also requesting that any damages award include pre- and post-judgment interest, liquidated damages, and front pay. (Resp., Dkt. 74). Crankshaw also disputes that she waived her right to attorney's fees and costs. (*Id.* at 6–7). chock

### A. Back Pay

In her response, Crankshaw contests the $14,660.00 awarded by the jury for her FMLA interference claim. (Resp., Dkt. 74, at 2–4). Crankshaw says that the undisputed evidence shows that Crankshaw lost $134,929.59 in wages and benefits between January 13, 2017 (the date she was fired) and May 24, 2019 (the date of the jury verdict). (*Id.* at 2, 4). Defendants argue that Crankshaw waived her right to contest the jury's award for back pay by failing to move for entry of judgment as a matter of law[2] at the close of evidence. (Reply, Dkt. 79, at 1–2). And Defendants say that Crankshaw's back pay damages conflate her recovery under her FMLA interference claim with her other claims alleging retaliation and discrimination. (*Id.* at 2–3).

The Court agrees with Defendants. Any employer who is found to interfere with FMLA rights is liable to the employee for damages equal to the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29

---

[2] Crankshaw in fact moved for judgment as a matter of law at the close of evidence, which the Court denied. (*See* Dkt. 65).

2

U.S.C. § 2617(a)(1)(A)(i). Here, the jury was asked what amount would *fairly and reasonably* compensate Crankshaw for the damages caused by the City. (*See* Jury Verdict, Dkt. 71, at 1–5). Answering this question does not involve a straightforward award of Crankshaw's total salary. Instead, the jury was required to calculate what portion of Crankshaw's damages could be attributed to the City's FMLA interference. In other words, the jury could have determined that the difference between the amount actually awarded and the amount of wages Crankshaw lost between the date of her termination and the jury verdict was not denied or lost *by reason* of the City's FMLA interference.

Accordingly, not all the wages Crankshaw *could* have received since her termination in January 2017 were denied because of the City's interference with her FMLA leave request. In fact, the jury determined that Crankshaw's termination did not violate her rights under the FMLA or ADA, (*Id.* at 1–5, 9–10), so presumably some of her wages were lawfully denied. The implication of the jury verdict is that some compensation is required to make Crankshaw whole, but that compensation does not reach as high as maintaining her salary from the date of termination to the date of the jury's verdict. Accordingly, the Court denies Crankshaw's request to increase the jury award to $137,929.59.

## B. Front Pay

Next, Crankshaw argues that she is entitled to front pay under the FMLA. (Resp., Dkt. 74, at 5). Crankshaw cites "undisputed evidence at trial" that her monthly wages and benefits were $4,868.10 and that she will finish her degree in psychology in December 2019. (*Id.* at 6). She requests that she be awarded that amount. (*Id.*). Defendants respond that Crankshaw is not entitled to front pay damages based on the jury's verdict. (Reply, Dkt. 79, at 5).

Lost future wages is not specifically provided for by the FMLA. 29 U.S.C. § 2617(a)(1)(A)–(B). The FMLA provides that "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected . . . for such equitable relief as may be appropriate, including

3

employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). In spite of the statutory language, some courts have found that front pay is an equitable remedy available under the FMLA where reinstatement is not feasible. *See Downey v. Strain*, 510 F.3d 534, 544 (5th Cir. 2007); *Sylvestro v. Levitron Mfg., Inc.*, No. EP-08-CV-00168-KC, 2008 WL 11333931, at *4 (W.D. Tex. Aug. 8, 2008) (collecting cases). Front pay is the "monetary equivalent of reinstatement," not a "monetary award for the salary that an employee would have received but for the discrimination." *Sylvestro*, 2008 WL 11333931, at *4 (quoting *Hite v. Vermeer Mfg. Co.*, 361 F.Supp.2d 935, 945 (S.D. Ia. 2005)) (cleaned up). Reinstatement, however, is the preferred equitable remedy in FMLA cases. *Downey*, 510 F.3d at 544.

The Court finds that Crankshaw is not entitled to any equitable remedy under the FMLA. First, the jury did not award, and the Court did not grant, Crankshaw full recovery of her lost wages since the date she was fired—as explained above, only a portion of her damages is attributable to the City's FMLA interference violation. Second, given that the jury found that Defendants lawfully terminated Crankshaw's employment, there is no evidentiary support that suggests she would still be employed with the City today, much less through December 2019. And as Defendants point out, the jury found that Crankshaw failed to "exercise reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination." (Reply, Dkt. 79, at 6; Jury Verdict, Dkt. 71, at 8). Accordingly, the Court declines to award front pay to Crankshaw as an equitable remedy.

### C. Liquidated Damages

Crankshaw also requests that liquidated damages be included in any damages award. (Resp., Dkt. 74, at 4–5). According to Crankshaw, because the City did not affirmatively prove that it acted in good faith, the Court should award liquidated damages equal to the sum of Crankshaw's damages plus interest. (*Id.* at 5). Defendants say that Crankshaw is not entitled to liquidated damages because

4

the City has demonstrated that it acted in good faith, and its failure to respond to Crankshaw's FMLA request could be attributed to its lack of expertise regarding FMLA requests. (Reply, Dkt. 79, at 6–7).

The FMLA entitles a wronged employee to an additional award of liquidated damages equal to the amount awarded for damages plus interest. 29 U.S.C. § 2617(a)(1)(A)(iii). If the employer can show that its violation was "in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" of the FMLA, then the court has discretion to reduce the damages. *Id.* But "[d]oubling of an award is the norm under the FMLA" and the "court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'" *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)).

The Court finds that Defendants have not met their burden to show that its FMLA interference violation was made in good faith. Defendants did not request that the jury determine whether it acted in good faith, and the evidence before the Court suggests that it was not. Defendants were twice found to interfere with Crankshaw's right to FMLA leave. In requesting leave, Crankshaw specifically asserted her right under the FMLA. Defendants did not contest the first instance, and on the second instance, Defendants initially granted Crankshaw leave in a memorandum that was not sent to her until weeks later. Consistent with the "strong presumption" under the statute in favor of liquidated damages, the Court declines to reduce the liquidated damages award.

### D.  Interest

Crankshaw further requests that the Court award pre- and post-judgment interest on the damages award. Defendants have conceded that Crankshaw is entitled to pre-judgment interest,

(Mot. Dkt. 73, at 2 n.2), and they have not responded to Crankshaw's request for post-judgment interest, (*See generally* Resp., Dkt. 79).

An award of pre-judgment interest at the prevailing rate is mandatory when an employer violates the FMLA and should be added to the damages awarded for wages and benefits. 29 U.S.C. § 2617(a)(1)(A)(ii) (providing that an employer "*shall* be liable" for pre-judgment interest); *Carroll v. Sanderson Farms, Inc.*, No. H-10-3108, 2014 WL 549380, at *5 (S.D. Tex. Feb. 11, 2014). The FMLA does not provide a specific rate for pre-judgment interest, instead requiring that pre-judgment interest on compensatory damages be calculated at "the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). The Court should calculate pre-judgment interest on damages beginning on the date of the adverse employment action. *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002). Crankshaw suggests that the Court use the current prime rate published by the Board of Governors of the Federal Reserve System. (Resp. Dkt. 74, at 4); *see* https://www.federalreserve.gov/releases/h15/. Defendant does not provide any alternative calculation for pre-judgment interest.  Other district courts have applied the federal prime rate. *See, e.g.*, *Carroll*, 2014 WL 549380, at *4 n.1. Accordingly, the Court will grant Crankshaw's request for pre-judgment interest at the federal prime rate of 5.25% applied from the date of Crankshaw's termination to the date of final judgment.

With respect to post-judgment interest, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated form the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. The post-judgment interest rate for the week of July 29, 2019 to August 2, 2019 was 1.94%. *See* https://www.federalreserve.gov/releases/h15/. Accordingly, the Court grants post-judgment interest on the judgment at the rate of 1.94%.

### E.  Attorney's Fees and Costs

Finally, Defendants argue that Crankshaw waived her ability to request attorney's fees and costs after she failed to timely request them. (Mot., Dkt. 73, at 2). According to Defendants, "[i]f a party does not file a motion for attorney fees before a deadline, it waives its right to them." (*Id.* at 2). Crankshaw disagrees that she waived her right to seek attorney's fees, (Resp., Dkt. 74, at 6–7), and Plaintiff's counsel has since filed a motion for attorney's fees. (Mot. Att'y Fees, Dkt. 75).

At trial, Crankshaw's counsel told the Court that he intended to file a motion for attorney's fees, but requested time to do so in light of upcoming deadlines. The Court said that it would allow Crankshaw a few weeks to file a motion for attorney's fees, but it never set a deadline for her to do so. Additionally, the rules only require a prevailing plaintiff to move for attorney's fees and costs within fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2); W.D. Tex. Loc. R. CV-7(j); W.D. Tex. Loc. R. CV-54(a). Here, no judgment has yet been entered. Accordingly, Crankshaw did not waive her right to seek attorney's fees. The Court will consider Crankshaw's request for attorney's fees, (Dkt. 75), in a separate order.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendant's Motion to Enter Judgment, (Dkt. 73), is **GRANTED IN PART**. Defendants' motion is **GRANTED** to the extent that it requests that the Court enter judgment, but the motion is **DENIED** to the extent that it seeks to limit Crankshaw's damages award to the amount found in the jury verdict. The Court will include the damages calculation in a separate final judgment.

**SIGNED** on August 8, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE