IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Bonnie Crankshaw | § | |
| | § | |
| v. | § | CA NO. 1:18-cv-00075-RP |
| | § | |
| City of Elgin and Thomas Mattis, City Manager, in his individual capacity | § § | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT OR, ALTERNATIVELY, FOR NEW TRIAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Bonnie Crankshaw files this Motion to Alter or Amend the Judgment or, Alternatively, for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

Page

Table of Contents……………………………………………………………………………… 2

Relevant Standards of Review …………………………………………………………………. 3

Argument ……………………………………………………………………………………… 4

    I.    The Court erred by entering judgment based on the jury's answer to Question 12 regarding Plaintiff's FMLA compensatory damages. …………………………………………………………………… 4

    II.    The Court erred by submitting jury instructions that required Plaintiff to prove her FMLA retaliation claim based on but-for causation instead of using a mixed-motive standard. ………………………… 6

        A.    The Fifth Circuit has recognized that the mixed motive framework applies to FMLA retaliation claims. ……………………… 7

        B.    This Court has recognized that the Fifth Circuit applies the mixed-motive framework to FMLA retaliation claims. …………………………………………………………………… 8

        C.    Other federal courts in Texas have recognized that the mixed-motive framework applies to FMLA retaliation claims. …………………………………………………………………… 8

    III.    The jury's finding that the City of Elgin did not fail to reasonably accommodate Plaintiff's disability is against the great weight and preponderance of the evidence. ………………………………………… 9

Conclusion & Prayer ………………………………………………………………………….11

Certificate of Service ………………………………………………………………………….12

## RELEVANT STANDARDS OF REVIEW

A motion brought under Rule 59 provides a federal district court with the opportunity to correct errors prior to an appeal by giving the court an opportunity to either (1) alter or amend the judgment or (2) grant a new trial on some, or all, of the issues. FED. R. CIV. P. 59.

A judgment should be altered or amended pursuant to Rule 59(e) when the judgment is based on clear error or manifest injustice. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). When a jury has properly determined liability and there is no valid dispute regarding the amount of damages, a court has authority to increase the damages award. *Roman v. Western Mfg.*, 691 F.3d 686, 701–02 (5th Cir. 2012).

In response to a Rule 59 motion — or on its own initiative — a court should order a new trial in numerous circumstances, including when (1) the verdict is against the great weight and preponderance of the evidence, *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); (2) there are errors in the jury charge, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1195 (5th Cir. 1995); or (3) damages are excessive or inadequate, *Brunnemann v. Terra International, Inc.*, 975 F.2d 175, 177–78 (5th Cir. 1992).

# ARGUMENT

Pursuant to Rule 59(e), the Court should alter the judgment to reflect that Plaintiff's FMLA damages award for backpay should be $142,929.59 (the amount awarded in Question 11 plus the undisputed amount of Plaintiff's lost wages, salary, and benefits from January 13, 2017 to May 24, 2019). In conjunction with this change to the final judgment, the Court should reconsider the Court's liquidated damages and front pay awards to the extent these damages should be increased based on the increase in the backpay award.

In the alternative, if the Court does not alter the judgment pursuant to Rule 59(e), the Court should grant a new trial on the following issues: Plaintiff's FMLA damages for backpay, Plaintiff's FMLA retaliation claim, and/or Plaintiff's failure to accommodate claim.

## I. The Court erred by entering judgment based on the jury's answer to Question 12 regarding Plaintiff's FMLA compensatory damages.

Over Plaintiff's objection,[1] the Court entered a judgment awarding backpay based on the jury's answer to Question 12.[2] The Court erred in entering judgment based on the jury's answer to Question 12, in which the jury found that the wages, salary, and benefits Plaintiff lost from January 13, 2017 to May 24, 2019 amounted to only $14,660 despite the undisputed

---

[1] In Plaintiff's Response in Opposition to Defendants' Motion to Enter Judgment [Doc. 74], Plaintiff objected to Defendants' request that the Court enter a judgment with a back pay award based on the jury's answer to Question 12 regarding the City of Elgin — finding $14,660 for back pay instead of $137,929.59 (the undisputed amount for the wages and benefits denied or lost from January 13, 2017 to May 24, 2019) based on the Fifth Circuit's holding in *Roman v. Western Manufacturing*, 691 F.3d 686, 701 (5th Cir. 2012).

[2] Plaintiff does not object to the jury's finding of $5,000 in answer to Question 11.

4

evidence that the amount is $137,929.59.

Plaintiff does not wish to relitigate issues this Court has already addressed; however, Plaintiff does want to ensure that this argument is raised to such a degree that this Court has an opportunity to rule on it. *Keelan v. Majesco Software, Inc.* 407 F.3d 332, 340 (5th Cir. 2005 (holding that to avoid appellate waiver, a party must raise an argument to such a degree that the district court has an adequate opportunity to rule on it). Accordingly, Plaintiff incorporates by reference the arguments in Plaintiff's Response [Doc. 74] regarding Question 12.

Based on the evidence and arguments in this case, the jury could not have awarded $14,660 in answer to Question 12 because the evidence and arguments presented the jury with two basic theories regarding back pay: (1) Plaintiff claimed that she was entitled to her lost wages from January 13, 2017 to May 24, 2019 and (2) Defendant claimed that Plaintiff was not entitled to any lost wages because she was properly terminated for non-discriminatory reasons on January 13, 2017. Having found FMLA interferences, the jury could have accepted Defendant's theory and found that the City's FMLA interference did not cause Plaintiff's damages as in *Alexander v. Servisair, LLC*, 593 Fed. Appx. 352, 354 (5th Cir. 2014). Or the jury could have awarded Plaintiff $137,929.59, the undisputed amount reflecting Plaintiff's lost wages from January 13, 2017 to May 24, 2019.[3] But the jury could not pull a number

---

[3] Of course, the jury could have reduced this award if Defendants had met their burden of proving that Plaintiff's damages should have been reduced based on Plaintiff's failure to mitigate damages. However, the jury

5

out of thin air based purely on speculation or guesswork,[4] which is precisely what the jury did in this case.

Accordingly, the Court should alter the judgment to reflect that Plaintiff's backpay award should be $142,929.59 (the amount awarded in Question 11 and the undisputed amount of Plaintiff's lost wages, salary, and benefits from January 13, 2017 to May 24, 2019). *See Roman v. Western Mfg.*, 691 F.3d 686, 701–02 (5th Cir. 2012). In addition, the Court should alter the liquidated damages and front pay awards in the judgment to the extent these damages should be increased based on the increase in the backpay award.

In the alternative, if the Court does not alter the judgment pursuant to Rule 59(e), the Court should grant a new trial on this issue because the jury's answer to Question 12 is against the great weight and preponderance of the evidence and awards Plaintiff inadequate damages. *See Cates*, 431 F.3d at 460; *Brunnemann*, 975 F.2d at 177–78. In addition, in the event the Court orders a new trial on this issue, the Court should also reconsider the liquidated damages and front pay awards based on the change in the backpay award.

**II. The Court erred by submitting jury instructions that required Plaintiff to prove her FMLA retaliation claim based on but-for causation instead of using a mixed-motive standard.**

If the Court does not alter the judgment to reflect that the backpay award in this case

---

determined that Defendants failed to prove that Plaintiff's damages award should be reduced based on a failure to mitigate.

[4] Court's Charge [Doc. 67], p. 26 (instructing the jury that any "award must be based on evidence and not on speculation or guesswork")

6

should be $142,929.59 (and that liquidated damages and front pay should be reconsidered as a result of this change), the Court should grant a new trial on Plaintiff's FMLA retaliation claims against Defendants.

At Defendants' urging — and over Plaintiff's objection — the Court instructed the jury regarding her FMLA retaliation claims against Defendants, that Plaintiff was required to prove that "Defendants would not have terminated Plaintiff *but for* her engaging in FMLA-protected activity."[5]  This was error and resulted in a verdict that did not include findings that Defendants are liable for FMLA retaliation and a judgment that Plaintiff take nothing on her FMLA retaliation claims.[6]  The Court should grant a new trial on FMLA retaliation because of this error in the Court's Charge to the Jury, which resulted in an erroneous verdict and judgment.

### A. The Fifth Circuit has recognized that the mixed motive framework applies to FMLA retaliation claims.

The Fifth Circuit has recognized that the mixed motive framework applies to FMLA retaliation claims. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005); *see Ion v. Chevron USD, Inc.*, 731 F.3d 379, 389–90 (5th Cir. 2013) (recognizing that "the mixed motive framework applies to FMLA claims in which retaliatory animus was a motivating factor in an adverse employment action); *see also Garcia v. Penske Logistics, LLC*, 631 F. App'x 204,

---

[5]   Court's Charge [Doc. 67], p. 13 (emphasis added).

[6]   Jury Verdict [Doc. 71], Part I, Questions 3–4, Part II, Questions 4–5.

210 (5th Cir. 2015) ("At present, FMLA retaliation claims are analyzed solely by determining whether the discrimination was *a motivating factor* in the adverse employment decision.")

### B. This Court has recognized that the Fifth Circuit applies the mixed-motive framework to FMLA retaliation claims.

This Court has recognized that "the Fifth Circuit applies the mixed-motive framework to FMLA retaliation claims." *Clark v. Southwest Airlines Co.*, No. 1:16-CV-910-RP, 2017 WL 4853794, 2017 U.S. Dist. Lexis 177898, at *9 (W.D. Tex. Oct. 26, 2017). As this Court noted in *Clark*: "In *Wheat*, the Fifth Circuit was clear in its conclusion that it would not apply the 'but for' causation standard because '[n]either this Court, nor the Supreme Court, has decided whether the heightened 'but for' causation standard required for Title VII retaliation claims applies with equal force to FMLA retaliation claims.'" *Id.* at *10–11 (quoting *Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 706 (5th Cir. 2016)).

### C. Other federal courts in Texas have recognized that the mixed-motive framework applies to FMLA retaliation claims.

Federal courts in other Texas districts have also recognized that the mixed-motive framework applies to FMLA retaliation claims. *See, e.g.*, *Mead v. Lattimore Materials Co.*, No. 3:16-CV-0791-L, 2018 WL 807032, 2018 U.S. Dist. Lexis 21263, at *15–16 (N.D. Tex. Feb. 9, 2018) (applying mixed-motive standard to FMLA retaliation claim because Fifth Circuit has not overruled past precedent regarding mixed-motive framework); *Cathcart v. YP Advert. & Publ'g LLC*, No. 3:16-CV-02084-M, 2017 WL 4298135, 2017 U.S. Dist. Lexis

162183, at *4 (N.D. Tex. Sept. 27, 2017) (same); *Wojcik v. Costco Wholesale Corp.*, No. 3:13-CV-2314-D, 2015 WL 1511093, 2015 U.S. Dist. Lexis 43824, at *11 n.20 (N.D. Tex. Apr. 2, 2015) (assuming that plaintiff bringing FMLA retaliation claim can proceed under mixed-motive standard because the Fifth Circuit has not held otherwise); *Mathis v. BDO USA, LLP*, No. 4:13-cv-134, 2014 WL 975706, 2014 U.S. Dist. Lexis 32110, at *6 (S.D. Tex. March 12, 2014) (applying mixed-motive standard to FMLA retaliation case "until a higher court says otherwise").

In this case, the Court erred by accepting Defendants' invitation to submit but-for causation regarding Plaintiff's FMLA retaliation instead of a mixed-motive standard. Accordingly, in the event the Court does not alter the judgment pursuant to Rule 59(e) as requested above, the Court should grant a new trial on Plaintiff's FMLA retaliation claims against Defendants.[7]

### III. The jury's finding that the City of Elgin did not fail to reasonably accommodate Plaintiff's disability is against the great weight and preponderance of the evidence.

If the Court does not alter the judgment as discussed above in Section IA, the Court should grant a new trial on Plaintiff's Failure to Accommodate claim against the City of Elgin.

In answer to Question 9, the jury answered that the City of Elgin did not fail to reasonably

---

[7] A new trial on this issue will also require a new trial regarding Part II, Question 6, of the jury's verdict. Although the jury should not have answered this question based on the predicate instruction, the jury's award of $0 would also need to be re-tried along with the retrial of this issue.

9

accommodate Plaintiff's disability. This answer is against the great weight and preponderance of the evidence at trial.

Of the seven elements listed in the Court's Charge regarding the City's failure to accommodate Plaintiff's disability, the only disputed elements are elements 6–7: that providing an accommodation would have been reasonable and that the City failed to provide a reasonable accommodation.

The undisputed evidence in this case conclusively establishes that Plaintiff submitted a request for ADA accommodations in writing[8] and that the City denied that request in writing[9] without engaging in any interactive process with Plaintiff even though "an employer is required to engage in an interactive process to determine what precise accommodations are necessary."[10]

The City presented no evidence that any of these proposed accommodations Plaintiff requested were unreasonable.

In fact, the overwhelming weight of the evidence established that the proposed accommodations were reasonable. Former city manager Kenneth Reneau testified that the proposed accommodations listed in Plaintiff's request were reasonable. Moreover, in the very memorandum in which the City denied Plaintiff's requested accommodations — including a

---

[8]   Plaintiff's Exhibit 10.

[9]   Plaintiff's Exhibit 12.

[10]  Court's Charge [Doc. 67], p. 15.

request for "Flexible Scheduling/Work from home/Make up hours missed in office" — the City purportedly granted Plaintiff's request for a flexible schedule based on her FMLA request.

Accordingly, in the event the Court does not alter the judgment pursuant to Rule 59(e) as requested above in Section IA, the Court should grant a new trial on Plaintiff's Failure to Accommodate claim.

## CONCLUSION & PRAYER

For the reasons discussed above, Plaintiff Bonnie Crankshaw respectfully requests the Court alter the Court's final judgment pursuant to Rule 59(e) to reflect that Plaintiff's backpay award should be $142,929.59 (the amount awarded in Question 11 and the undisputed amount of Plaintiff's lost wages, salary, and benefits from January 13, 2017 to May 24, 2019). In addition, in conjunction with this change to the final judgment, the Court should reconsider the Court's liquidated damages and front pay awards to the extent these damages should be increased based on the increase in the backpay award.

In the alternative, if the Court does not alter the judgment pursuant to Rule 59(e), the Court should grant a new trial on that issue, Plaintiff's FMLA retaliation claim, and/or Plaintiff's failure to accommodate claim.

Respectfully submitted,

*/s/ David Campbell*
David Campbell
State Bar No. 24057033
*dcampbell@808west.com*
**O'HANLON, DEMERATH & CASTILLO**
808 West Avenue  |  Austin, Texas 78701
(512) 494-9949  |  (512) 494-9919 (fax)

*Counsel for Plaintiff Bonnie Crankshaw*

# CERTIFICATE OF SERVICE

I certify by my signature above that on the 5th day of September 2019, a copy of the above document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

Carl "Archie" Pierce
Blair Leake
WRIGHT & GREENHILL, P.C.
900 Congress, Suite 500
Austin Texas 78701
*cpierce@w-g.com*
*bleake@w-g.com*

*/s/ David Campbell*
David Campbell