IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE CRANKSHAW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-75-RP |
| CITY OF ELGIN and THOMAS MATTIS, *City Manager, in his individual capacity*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Plaintiff Bonnie Crankshaw's ("Crankshaw") Motion to Alter or Amend the Judgment, or, Alternatively, for New Trial, (Dkt. 85), and Motion for Award of Attorney's Fees and Costs, (Dkt. 75), with accompanying briefing. After considering the parties' arguments, the record, and the relevant law, the Court grants in part and denies in part the former motion, (Dkt. 85), rendering the latter motion, (Dkt. 75), moot.

**I. BACKGROUND**

In this case, Crankshaw brought claims against her former employer, Defendant City of Elgin ("Elgin") and her former supervisor, Thomas Mattis ("Mattis") (collectively, "Defendants"), alleging interference and retaliation under the Family and Medical Leave Act ("FMLA") and discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). (Am. Compl., Dkt. 16, at 9–14). After a full trial, the Court submitted the case to the jury. (Jury Charge, Dkt. 67). On May 23, 2019, the jury found that Elgin denied, restrained or interfered with Crankshaw's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA, after Plaintiff's October 3, 2016, request for FMLA leave. (Jury Verdict, Dkt. 71, at 1). The jury awarded Crankshaw $14,660.00 to compensate her for wages, salary, employment benefits, and other compensation denied or lost between January 13, 2017, the date she was fired,

1

and May 24, 2019, the date of the jury verdict, as a result of Elgin's FMLA interference. (Jury Verdict, Dkt. 71, at 6). The jury also awarded $5,000.00 to compensate Crankshaw for damages caused by Elgin's failure to timely respond to her earlier FMLA leave request on August 12, 2016. (*Id.*).

On July 22, 2019, Crankshaw filed her Motion for Award of Attorney's Fees and Costs based on her expenses incurred to that point. (Dkt. 75). Then, on September 5, 2019, Crankshaw filed her Motion to Alter or Amend the Judgment, or, Alternatively, for New Trial, in which she asks the Court to increase her FMLA damages award for backpay or grant a new trial on certain claims. (Dkt. 85). *See* Part III.A, *infra.*

## II. LEGAL STANDARD

### A. Motions to Alter or Amend the Judgment

"A motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

### B. Motions for New Trial

"A district court can grant a motion for new trial [under Federal Rule of Civil Procedure Rule 59(a)] if the first trial was unfair or if the jury verdict was against the great weight of the evidence." *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); *see also Gasperini v. Ctr. for Humanities,*

2

*Inc.*, 518 U.S. 415, 433 (1996). Rule 59 allows the Court to grant a new trial "on all or some of the issues" presented in the initial trial. But "even when only one issue is tainted by error or prejudice, a new trial must nevertheless be granted on all issues 'unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Eximco, Inc. v. Trane Co.*, 748 F.2d 287, 290 (5th Cir. 1984) (quoting *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931)).

The Fifth Circuit has identified three factors that support granting a new trial: "the simplicity of the issues, 'pernicious occurrences' at trial, and the extent to which the evidence is in dispute." *Id.* (quoting *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)). This test is disjunctive; only one factor must weigh in favor of granting a new trial, and even if none do, a new trial may be justified when other indicia demonstrate that the jury verdict was incorrect. *Id.* at 460–61. This standard requires the jury's verdict to be "against the great—not merely the greater—weight of the evidence." *Scott*, 868 F.2d at 789 (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th Cir. 1980)). "[M]ere conflicting evidence or evidence that would support a different conclusion by the jury cannot serve as the grounds for granting a new trial." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992).

A district court may also grant a new trial when the jury charge includes an incorrect standard. *See Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 276 (5th Cir. 2019); *Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983) ("A new trial is the appropriate remedy for prejudicial errors in jury instructions."). Generally, "instructions need not be perfect in every respect provided that the change in general correctly instructs the jury, and any injury resulting from the erroneous instruction is harmless." *Rogers v. Eagle Offshore Drilling Servs., Inc.*, 764 F.2d 300, 303 (5th Cir. 1985). Accordingly, in the employment discrimination context, the Fifth

Circuit has specifically held that an incorrect causation standard in the jury charge justifies a new trial. *Pinkerton v. Spellings*, 529 F.3d 513, 518–19 (5th Cir. 2008).

A party generally must object to a jury instruction at trial to preserve its ability to challenge it at a later stage. *See, e.g.*, *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 953 (5th Cir. 1981); *Burdis v. Texas & P. Ry. Co.*, 569 F.2d 320, 324 (5th Cir. 1978); *see also Black v. United States*, 561 U.S. 465, 474 (2010) (challenging jury instructions at trial secures the right to later challenge those instructions); *cf. Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007) ("Turner did not properly raise her mixed-motive argument . . . until her motion for new trial. . . . [T]he district court was correct in finding that Turner's mixed-motive claim was waived."). The party must "do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). "[A] general objection to the district court's jury instructions is insufficient to satisfy Rule 51." *Russell v. Plano Bank & Trust*, 130 F.3d 715, 719 (5th Cir. 1997). For instance, an objection that a proposed instruction is "against the law in the Fifth Circuit" is insufficient, *United States v. Redd*, 355 F.3d 866, 874–75 (5th Cir. 2003), as is an objection stating "to the extent that the Plaintiff's requested instructions were not given, we would object on that ground" or an objection concerning a definition that does not specifically identify which words or omission of words is being challenged, *Russell*, 130 F.3d at 719–20.

Ultimately, the objection must be "sufficiently specific to bring into focus the precise nature of the alleged error." *Tandy Brands, Inc. v. Harper*, 760 F.2d 648, 654 (5th Cir. 1985) (quoting *Delancey v. Motichek Towing Service, Inc.*, 427 F.2d 897, 900 (5th Cir. 1970)). If the objection does not satisfy this condition, an appellate court will review the district court's decision to issue the instruction for plain error only. *Redd*, 355 F.3d at 875. But prior to appellate review, the trial court "may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2).

For an error to be "plain," it "must be clear or obvious, rather than subject to reasonable debate.'" *Jimenez v. Wood Cty., Tex.*, 660 F.3d 841, 847 (5th Cir. 2011) (quoting *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009)). When a jury instruction "follow[s] decades of well-settled circuit precedent" and the court gives it, there is no plain error; when the instruction "merely requires extending existing precedent" and the court does not give it, there is no plain error; and when the instruction would be "novel and not supported by circuit precedent" and the court does not give it, there is no plain error. *Id.* (citing *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009); *United States v. Hull*, 160 F.3d 265, 275 (5th Cir. 1998)). To achieve a reversal at the appellate level, "the plaintiff must establish that the instruction was an incorrect statement of law and that it was probably responsible for an incorrect verdict, leading to substantial injustice." *Rodrigue v. Dixilyn Corp.*, 620 F.2d 537, 541 (5th Cir. 1980).

Because the Court concludes that Crankshaw's Motion for Award of Attorney's Fees and Costs, (Dkt. 75), is moot, *see* Part IV, *infra*, no discussion of the standard for assessing attorney's fees is necessary.

## III. DISCUSSION

### A. Crankshaw's Motion to Alter or Amend the Judgment, or, Alternatively, for New Trial

In her motion, Crankshaw argues that "the Court should alter the judgment to reflect that Plaintiff's FMLA damages award for backpay should be $142,929.59 (the amount awarded in Question 11 [of the jury verdict form] plus the undisputed amount of Plaintiff's lost wages, salary, and benefits from January 13, 2017[,] to May 24, 2019)" and "reconsider . . . liquidated damages and front pay awards to the extent these damages should be increased based on the increase in the backpay award." (Mot. Am. J., Dkt. 85, at 4). If the Court does not do so, she asks it to instead grant a new trial to redetermine "Plaintiff's FMLA damages for backpay, Plaintiff's FMLA retaliation

5

claim, and/or Plaintiff's failure to accommodate claim." (*Id.*). The Court addresses each request in turn.

1. Amending the Judgment

Crankshaw takes issue with the $14,660 in backpay that the Court awarded "based on the jury's answer to Question 12." (*Id.* at 4). This sum, Crankshaw argues, does not comport with the theories supported by the evidence at trial. (*Id.* at 5–6). For Crankshaw, the backpay award is a strict binary: after finding that Defendants violated the FMLA, the jury could then only find either that Defendants' "FMLA interference did not cause [Crankshaw's] damages"—awarding her $0—or find that she was entitled to her full lost wages from January 13, 2017, to May 24, 2019—awarding her $142,929.59. (*Id.* at 4–5).

In response, Defendants raise a procedural argument, asserting that this relief is "more properly" or exclusively available via a motion for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(b). (Resp. Mot. Am. J., Dkt. 86, at 7). Because Crankshaw "failed to make a Rule 50(a) JMOL prior to the jury's deliberations," Defendants now maintain that she is "barred from asserting" a Rule 50(b) motion now and refer the Court to their arguments previously raised in another filing. (*Id.* (citing Reply Mot. Enter J., Dkt. 79)).

Crankshaw counters that Defendants' contention "misunderstands" the nature of her argument: she is "not arguing she was entitled to recover $137,929.59 [her lost wages, salary, and benefits] as a matter of law," but instead arguing that the jury erred in awarding damages based on what she characterizes as "speculation." (Reply Mot. Am. J., Dkt. 87, at 2). This issue "could not have been raised until after the jury returned its verdict." (*Id.*). And Crankshaw invokes the proposition that a post-trial increase in damages does not run afoul of the constitutional rule against additur when the jury has "properly determined liability and there is no valid dispute as to the

6

amount of damages." (*Id.* (citing *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 701–02 (5th Cir. 2012) (quoting *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981))).

But, as the Court previously recognized, "Crankshaw in fact moved for judgment as a matter of law at the close of evidence, which the Court denied." (Order, Dkt. 82, at 2 n.2). Thus, the procedural bar to her present motion that Defendants envision does not exist. As for Crankshaw's arguments, though she states that she "does not wish to relitigate issues this Court has already addressed," (Mot. Am. J., Dkt. 87, at 5), that is what she has done here. The Court has already decided this precise issue; no intervening circumstances or changes of law would compel a different result.[1] (*See* Order, Dkt. 82, at 2–3). For the reasons detailed in the Court's August 8, 2019, Order, Crankshaw's motion to amend the judgment is denied.

2. New Trial

Crankshaw's argument for a new trial focuses on what she characterizes as the Court's error in allowing jury instructions requiring her to prove her FMLA retaliation claim using but-for causation rather than a mixed-motive standard over her objection, which she argues rendered the trial unfair and the jury's verdict erroneous. (Mot. Am. J., Dkt. 85, at 6–9). She also argues that when the jury found that Elgin "did not fail to reasonably accommodate [her] disability," it contravened the great weight of the evidence presented at trial. (*Id.* at 9–11). The Court considers these arguments, and Defendants' responses, in turn.

---

[1] In any case, the *Roman* rule "applies only where the amount of damages has been conclusively established as a matter of law." *Matheny v. Chavez*, 593 F. App'x 306, 309 (5th Cir. 2014). As the Court explained in its previous Order, the jury validly calculated "what amount would fairly and reasonably compensate Crankshaw," which did "not involve a straightforward award of Crankshaw's total salary." (Order, Dkt. 82, at 3). The amount of damages in this case is thus not as straightforward as Crankshaw would have it; "the jury's determination as to the quantum of damages was a finding of fact based on its evaluation of the conflicting evidence adduced at trial," not an "if this, then necessarily that"-type application of a legal rule. *Matheny*, 593 F. App'x at 309.

7

i. *But-For versus Mixed-Motive Causation*

Defendants assert two procedural arguments concerning Crankshaw's argument that the jury should have been permitted to apply a mixed-motive standard.

First, they argue that "the ultimate language agreed upon and used by the parties was arguably the equivalent of the 'mixed-motive' standard, [so] granting a new trial would not be appropriate." (Resp. Am. J., Dkt. 86, at 8–9). The relevant question submitted to the jury read as follows.

> Question 3: "Did Defendant City of Elgin terminate Plaintiff Bonnie Crankshaw *because of* her FMLA-protected activity?

(Jury Verdict, Dkt. 71, at 2 (emphasis added)). Defendants maintain that "[a]t the very least, 'because of' represents a softer and easier to meet version of 'but for,'" "serv[ing] as a hybrid approach between the two standards, or even an analogous version of the mixed-motive standard itself." (Resp. Am. J., Dkt. 86, at 8).

Crankshaw disputes Defendants' account of the adoption of this language, explaining that she "objected to this jury question and stated in no uncertain terms that submitting 'because of' instead of 'motivated by' would be reversible error" and that Defendants subsequently accepted that language. (Reply Am. J., Dkt. 85, at 87). Upon review of the trial transcript, the Court finds that Crankshaw overstates the force of her objection but nevertheless did object to the "but for" language.

Initially, Crankshaw's counsel proposed a "but for" FMLA retaliation instruction. (Pl. Prop. Jury Instrs., Dkt. 49-7, at 6). At trial on May 22, 2019, he changed course, arguing that a mixed-motive instruction would be appropriate. The Court noted that he had not initially requested one but allowed him to proceed. Defendants' counsel objected to this request, noting that the Fifth Circuit's pattern instruction includes (in part) the "but for" language. *See* note 2, *infra*. During remainder of the conference that day, Crankshaw's counsel continually advocated for a mixed-

motive standard. When the charge conference continued the following morning, Crankshaw's counsel stated that he was proposing the "because of" language instead of "but for" in Question 3 because it would be easier for the parties. Defendants' counsel did not object. A few minutes later, though, Crankshaw's counsel clarified that he did want a mixed-motive question, had assumed that the Court had ruled against him, and was planning to object to "but for" language. Subsequently—and importantly—he reiterated that, for the record, he was requesting mixed-motive language, specifically as opposed to but-for causation. The Court overruled the request, referring to it as a motion. All of these discussions occurred prior to the Court charging the jury.

Here, whether Crankshaw's objection was specific is a close call. It was not a general objection to all or a large portion of the jury instructions—the specific instruction to which she was referring was evident. Thus, Crankshaw's counsel satisfied Rule 51's requirement to distinctly state the subject of the objection. But it is less clear whether he distinctly stated the grounds for the objection. He wavered, providing a number of justifications during the initial afternoon portion of the charge conference. When the charge conference continued the following morning, however, he called out his arguments from the previous afternoon as justification for his objection to a "but for" instruction. Though a close call, the Court finds that his objection was sufficiently specific, bringing into focus what he believed to be the precise nature of the alleged error. *See Tandy Brands, Inc. v. Harper*, 760 F.2d 648, 654 (5th Cir. 1985). Accordingly, the Court finds that Crankshaw did not waive the ability to later argue this language was improper.

Second, Defendants argue that because Crankshaw did not give advance notice of her intent to apply a mixed-motive standard, she waived the ability to use it as an affirmative defense. (Resp. Am. J., Dkt. 86, at 9 (citing *Woodfield v. Bowman*, 193 F.3d 354, 262 (5th Cir. 1999)). Crankshaw counters by pointing out that as a plaintiff, she would not assert mixed motive as an affirmative defense, which is the defendant's burden. (Reply Am. J., Dkt. 87, at 4). This is different than the

9

underlying "motivating factor" causation standard. (*Id.*). The Court agrees with Crankshaw. She is arguing about the controlling legal test, not a discrete affirmative defense that she would have no occasion to raise.

Defendants also raise a substantive argument: that Title VII's mixed-motive standard does not apply to FMLA claims. (Resp. Am. J., Dkt. 86, at 10–13). While Crankshaw cites *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333–35 (5th Cir. 2005), for the proposition that the mixed-motive framework applies to FMLA retaliation claims, (Mot. Am. J., Dkt. 85, at 7–9; Reply Am. J., Dkt. 87, at 4–5), Defendants point to a "sea change in employment law," after *Richardson* was decided, of the Supreme Court disallowing mixed-motive standards in ADEA and Title VII retaliation cases, (Resp. Am. J., Dkt. 86, at 10–11 (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009))). Crankshaw's rejoinder is that whether the mixed-motive standard applies to *FMLA* retaliation claims is nevertheless an open question of law: the Fifth Circuit has stated that "[n]either this Court, nor the Supreme Court, has decided whether the heightened 'but for' causation standard required for Title VII retaliation claims applies with equal force to FMLA retaliation claims."[2] *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 706 (5th Cir. 2016).

Again, the Court agrees with Crankshaw. Defendants' arguments about what the Fifth Circuit and the Supreme Court might do, if they had occasion to reach the issue, are noted, as are its citations to district court decisions across the country that have adopted the reasoning they

---

[2] The Fifth Circuit has also acknowledged this tension in its pattern jury instructions for FMLA retaliation claims, which provide language for both but-for and mixed-motive causation. Committee on Pattern Jury Instructions, *Fifth Circuit Pattern Jury Instructions (Civil Cases)* Instr. 11.21 n.1, n.5 (2014 with revisions through October 2016).

advocate.³ (*See* Resp. Am. J., Dkt. 86, at 11–13, 12 n.48). But this Court is bound to follow binding circuit precedent until the Fifth Circuit or the Supreme Court says otherwise. *See Mathis v. BDO USA, LLP*, No. 4:13-CV-134, 2014 WL 975706, at *6 (S.D. Tex. Mar. 12, 2014) ("[U]ntil a higher court says otherwise, the Supreme Court's decision in [*Nassar*] to require but-for causation in Title VII cases does not alter our calculus for FMLA cases."). Thus, the Court is bound to follow the rule the Fifth Circuit announced in *Richardson*: a plaintiff bringing an FMLA retaliation claim "is entitled to have her claim reviewed under a mixed-motive analytical framework."⁴ 434 F.3d at 335.

At trial, Part 1, Question 3 of the verdict form given to the jury read: "[d]id Defendant City of Elgin terminate Plaintiff Bonnie Crankshaw *because of* her FMLA-protected activity?" (Dkt. 71 at 2, emphasis added). However, the jury charge included, verbatim, portions of the but-for causation variant of pattern jury instruction: "Defendants would not have terminated Plaintiff *but for* her engaging in FMLA-protected activity." (Dkt. 67 at 13 (emphasis added)). *See* note 2, *supra*. The jury charge began with "I will now instruct you on the law you must apply. It is your duty to follow the law as I give it to you." (Dkt. 67 at 1). So, presuming the jury followed the law as the Court gave it, the jury interpreted the "because of" language on the verdict form as "but for." *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

In other words, the jury applied the wrong standard of causation to Crankshaw's FMLA retaliation claim. Crankshaw is entitled to a new trial on her FMLA retaliation claim and associated

---

³ However, none of the district court decisions Defendants cite are from Fifth Circuit courts. (*See* Resp. Am. J., Dkt. 86, at 12 n.48). And even after *Gross* and *Nassar*, Fifth Circuit courts generally apply a mixed-motive standard. *See, e.g.*, *Mead v. Lattimore Materials Co.*, No. 3:16-CV-0791-L, 2018 WL 807032, at *5 (N.D. Tex. Feb. 9, 2018) (subsequent history omitted); *Allain v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 81 F. Supp. 3d 502, 511 (W.D. La. 2015); *Mathis v. BDO USA, LLP*, No. 4:13-CV-134, 2014 WL 975706, at *6 (S.D. Tex. Mar. 12, 2014).
⁴ The Second Circuit, considering an argument very similar to Defendants', concluded that FMLA retaliation claims require a mixed-motive standard. *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 167–69 (2d Cir. 2017).

requests for damages: specifically, Part 1, Questions 3, 4, 11, 12, and 13 of the verdict form.[5] (Dkt. 67 at 2, 6–7).

ii. *Whether Elgin Failed to Reasonably Accommodate Crankshaw's Disability*

Crankshaw further argues that the Court should also grant her a new trial on her claim that Elgin failed to reasonably accommodate her disability. (Mot. Am. J., Dkt. 85, at 9–11). She maintains that the jury's finding otherwise, (Verdict Form, Dkt. 71, at 4), was against the great weight of the evidence presented at trial because it showed that she presented Elgin with proposed reasonable accommodations and Elgin did not "engage in an interactive process," as the Court's jury charge, (Dkt. 67 at 15), stated was required. (Mot. Am. J., Dkt. 85, at 10). *See Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735 (5th Cir. 1999) (quoting 29 C.F.R. § 1630.2(o)(3)) ("Once an employee has made a request for an accommodation, the ADA's regulations state that 'it may be necessary for the [employer] to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation' in order to craft a reasonable accommodation."). Defendants respond that "[t]he entire trial was *rife* with proof that [Crankshaw's] requested accommodations were unreasonable," detailing trial testimony about Crankshaw's request to work remotely. (Resp. Mot. Am. J., Dkt. 85, at 3–5). Defendants also contend that Crankshaw reverses the burden of proof on the issue of whether the accommodations she requested were unreasonable: the onus is on her to prove it by a preponderance of the evidence. (*Id.* at 6–7). Crankshaw replies that Defendants only address one of her requested accommodations and reiterates her argument that Defendants "had no intention of allowing [her] to work a flexible schedule no matter what the FMLA or ADA require." (Reply Mot. Am. J., Dkt. 87, at 5–8).

---

[5] Part 2, Question 4, which concerned claims against Mattis, also uses the "because of" language. However, the Court determines that Crankshaw is not entitled to a new trial on this question (or its associated damages question, Part 2, Question 6) because the jury found that Mattis was entitled to qualified immunity. (Dkt. 67 at 10).

12

As for the reasonableness of the accommodations Crankshaw requested, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011); *see also Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982) (discussing "deference to the jury's determination of the weight of the evidence and the constitutional allocation to the jury of questions of fact"). This is not a case in which "some undesirable or pernicious influence has intruded into the trial," and so the Court must be cautious that it does not "substitute[ ] its judgment of the facts and credibility of witnesses for that of the jury." *Massey v. Gulf Oil Corp.*, 508 F.2d 92, 95 (5th Cir. 1975). The jury reached a particular conclusion based on the evidence Crankshaw presented at trial. The Court must accord that conclusion deference because Crankshaw has not demonstrated that it was truly against the great weight of the evidence—to the extent that no rational trier of fact could have agreed. Therefore, Crankshaw is not entitled to a new trial for this reason.

Defendants do not address Crankshaw's argument that Elgin did not engage in an interactive process with her to determine a reasonable accommodation. *See Loulseged*, 178 F.3d at 735. "Courts interpreting the interactive process requirement have held that when an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA," unless that process's "breakdown . . . is traceable to the employee and not the employer." *Id.* In the same manner as described above, the jury could have concluded from the evidence presented at trial that the breakdown of the interactive process was traceable to Crankshaw, not Defendants. Again, Crankshaw has not demonstrated that this conclusion was or would be truly against the great weight of the evidence, so she is not entitled to a new trial for this reason either.

### B. Crankshaw's Motion for Attorney's Fees

Because Crankshaw is entitled to a new trial, her motion for attorney's fees based only on proceedings to date is moot. *See MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 118 (5th Cir. 2011) (subsequent history omitted).

### IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Crankshaw's Motion to Alter or Amend the Judgment, or, Alternatively, for New Trial, (Dkt. 85), is **GRANTED IN PART AND DENIED IN PART**. Crankshaw's request for a new trial on her FMLA retaliation claim is granted; all other relief she requests in the motion is denied. The Court will set a status and scheduling conference in a separate order.

**IT IS FURTHER ORDERED** that Crankshaw's Motion for Award of Attorney's Fees and Costs, (Dkt. 75), is **MOOT**. Crankshaw may renew her motion at the conclusion of any subsequent proceedings before this Court.

**SIGNED** on February 24, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE