IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE CRANKSHAW | § | |
| Plaintiff | § | |
| v. | § | Case 1:18-cv-00075-RP |
| | § | |
| CITY OF ELGIN AND THOMAS | § | |
| MATTIS, CITY MANAGER, IN | § | |
| HIS INDIVIDUAL CAPACITY | § | |
| Defendants | | |

**DEFENDANT CITY OF ELGIN'S OPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OR IN THE ALTERNATIVE MOTION FOR EXTENSION TO FILE NOTICE OF APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant City of Elgin (hereinafter "the City"), by and through its attorneys, pursuant to 28 U.S.C. § 1292(b), and files this Motion for an Amended Order to Certify this Court's Order (Dkt. No. 89) for Permissive Appeal, or in the alternative grant the City an extension of the deadline to file notice of appeal, and in support would respectfully show the Court as follows:

## I.    INTRODUCTION

1.    On February 24, 2020, this Court granted Plaintiff Bonnie Crankshaw's Motion for New trial on her FMLA Retaliation claim, holding that "the Court is bound to follow the rule the Fifth Circuit announced in *Richardson*[1]: a plaintiff bringing an FMLA retaliation claim 'is entitled to have her claim reviewed under a mixed-motive analytical framework.'"[2] Accordingly, since Plaintiff was given a "because of" analytical framework in her jury charge, this Court held that

---

[1] *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 335 (5th Cir. 2005).
[2] Order, 11, Dkt. # 89.

Plaintiff was entitled to a new trial on this discrete issue, because "the jury applied the wrong standard" at the trial of this case.[3]

2.      In briefing this Court on Plaintiff's entitlement to the mixed-motive standard on her FMLA Retaliation claim, the Court recognized that the Defendants pointed to a "'sea change in employment law' after *Richardson* was decided, of the Supreme Court disallowing mixed-motive standards in ADEA and Title VII retaliation cases."[4] In response to the Defendants' substantive arguments that *Richardson* was no longer good law under the Supreme Court's decisions in *Gross*[5] and *Nassar*[6], Plaintiff argued that *Richardson* still bound this Court because it had not yet been directly overruled by either the Fifth Circuit or the Supreme Court.[7] In support, Plaintiff cited to *Wheat*, a case where the Fifth Circuit expressly declined to reach the issue in 2016.[8]

3.      This Court ultimately agreed with the Plaintiff's argument, but "noted" that the Defendants cited to "district court decisions across the country that have adopted the reasoning they advocate" but that the Court could not rule on what "the Fifth Circuit and the Supreme Court might do…".[9] Accordingly, the Defense files this motion, and asks that this Court amend its Order[10] and certify said Order for permissive interlocutory appeal under 28 U.S.C. § 1292(b), because the Court's Order rules on a controlling question of law upon which there is a substantial

---

[3] Order, 11, Dkt. # 89.

[4] Order, 10, Dkt. # 89 (citations removed).

[5] *See Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 174 (2009) (providing that mixed-motive jury instruction is not proper in an ADEA age discrimination case.).

[6] *See Univ. of Tex. SW. Med. Ctr. v. Nassar*, 570 U.S. 338, 380 (2013) (distinguishing between Title VII Discrimination and Retaliation claims, and holding that the "mixed-motive" framework is only available in the former, not the later).

[7] *See* Pl. Reply in Support of Mot. for New Trial, 5, Dkt. #87.

[8] *See Wheat v. Florida Par. Juvenile Justice Com'n*, 811 F.3d 702, 706 (holding "[n]either this Court, nor the Supreme Court, has decided whether the heightened "but for" causation standard required for Title VII retaliation claims applies with equal force to FMLA retaliation claims.").

[9] Order, 10 – 11, Dkt. # 89.

[10] Order, Dkt. #89.

ground for a difference of opinion upon which appeal will materially advance the ultimate

termination of this litigation.[11]

## II.    ARGUMENTS & AUTHORITIES

### A. Certification of Permissive Appeal is Appropriate on the issue of the Mixed-Motive standard's application to a FMLA Retaliation Claim.

4.      A permissive appeal is warranted when "a district judge, in making in a civil action an

order not otherwise appealable under this section, shall be of the opinion that such order involves

a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the

litigation."[12] This case is ripe for permissive appeal because (i) there is a controlling issue of law

(ii) as to which there is a substantial ground for a difference of opinion, and (iii) an immediate

appeal from the order may materially advance the ultimate termination of this litigation.[13]

### i.    The Mixed-Motive question is a controlling issue of law.

5.      An issue is a "controlling question of law" if it is "one of 'pure' law" that can be

reviewed "quickly and cleanly without having to study the record" and has "precedential value

for a large number of cases."[14] This prong of the test for certification is demonstrably satisfied.

In this Court's Order,[15] the Plaintiff's Motion for New Trial was granted solely on this Court's

---

[11] *See* 28 U.S.C. § 1292(b); *see also Linton v. Shell Oil Co.*, 563 F.3d 556, 557 – 58 (5th Cir. 2009).
[12] 28 U.S.C. § 1292(b); *see also Linton*, 563 F.3d at 557 – 58 (alerting "district judges to the need to provide in their certification orders some demonstration that the governing standards for an interlocutory appeal have been met".)
[13] *See Nguyen v. Am Commercial lines L.L.C.*, 805 F.3d 134, 137 – 38 (5th Cir. 2015), as revised (Nov. 13 2015) ("[a] district court may certify an interlocutory appeal from an order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.").
[14] *In re Delta Produce*, BR 12-50073-A998, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013).
[15] *See* Order, 10 – 11, Dkt. # 89.

determination that she was "entitled to have her claim [for FMLA Retaliation] reviewed under a mixed-motive analytical framework" under *Richardson*.[16] Accordingly, the question here is a purely legal question: "Is a Plaintiff entitled to a mixed-motive jury charge for her FMLA Retaliation claim under *Richardson* after the Supreme Court's holdings in *Gross* and *Nassar*?"

6.      In conducting this review, the appeals court will "not be required to 'hunt through the record' to determine 'whether there may be a genuine issue of material fact lurking there.'"[17] This is a pure question of law that will turn on pure case law interpretation. Furthermore, an answer to this question will provide much needed precedent and clarification on the correct standard for all FMLA Retaliation claims within the Fifth Circuit going forward.

### ii.      There Is Substantial Grounds for Difference of Opinion.

7.      The continued applicability of the mixed-motive standard in an FMLA Retaliation claim is an issue on which there are substantial grounds for a difference of opinion. This Court has been well briefed on the Defendants' position that the Supreme Court's decisions in *Gross* and *Nassar* should be interpreted as shutting the door on the use of the mixed-motive legal standard for FMLA Retaliation claims.[18] Defendants' counsel's research revealed that numerous other district courts have now held that FMLA Retaliation cases—in light of *Gross* and *Nassar*—cannot use a mixed-motive framework, and instead must use the traditional "but-for" causation standard.[19]

---

[16] Order, 11, Dkt. #89.
[17] *In re Delta Produce,* 12-50073-A998, 2013 WL 3305537, at *2.
[18] *See* Defs' Resp. Opposing Pl. Mot. for New Trial, 10 – 13, Dkt. #86.
[19] *See e.g. Gourdeau v. City of Newton*, 238 F.Supp.3d 179, 194-95 (D. Mass. Mar. 2, 2017)(discussing FMLA causation legal standards post-*Nassar* at length, and holding that "[t]his Court now concludes that retaliation claims brought under the FMLA must be proved according to a but-for causation standard"); *see also Jones v. Allstate Insurance Co.,* 281 F.Supp.3d 1211, 1222–223 (N.D. Ala. 2016)(rejecting the use of a mixed-motive standard in a FMLA Retaliation case in light of *Nassar*, and noting that *Chevron* Deference is not appropriate under *Skidmore*, because the Department of Labor has "acknowledged that FMLA and Title VII are to be

8.     As this Court determined in its Order, the Fifth Circuit has not directly ruled on this issue.[20] The Fifth Circuit noted in *Wheat* "[w]e have yet to decide whether *Nassar* applies to the FMLA context" and further noted "[b]ecause we concluded that the plaintiff's claim in that case would fail under either [Title VII or FMLA] standard, we did not decide whether the 'but for' causation standard should apply in FMLA retaliation cases."[21]

9.     This uncertainty has persisted in the Fifth Circuit since 2013, even before the Supreme Court's holding in *Nassar*. In *Johnson v. Benton County School District*, the Northern District of Mississippi held that the Court would certify this exact same issue—under 28 U.S.C.A. § 1292(b)—to the Fifth Circuit on its own motion.[22] In that Order, the Northern District Court of Mississippi recognized "that the U.S. Supreme Court's 2009 decision in *Gross* has left serious questions regarding whether the so-called "mixed-motive" option remains available in FMLA and ADA cases, as it clearly was pre-*Gross*."[23] The *Johnson* Court noted that it "has very rarely

---

construed 'in the same manner.'"); *see also Housel v. Rochester Institute of Tech.*, 6 F.Supp.3d 294, 303–04 (W.D.N.Y.2014)(applying *Nassar* to all Retaliation claims, including FMLA Retaliation); *see also Wallace v. Lockheed Martin Corp.*, 2019 WL 2100268, at *8-9 (D. Ariz. May 14, 2019)("The Supreme Court has held that causation for Title VII retaliation (and by extension, FMLA retaliation) requires a showing that protected activity was the but-for cause of an adverse employment action."); *see also Sparks v. Sunshine Mills, Inc.*, 2013 WL 4760964, at *17 (N.D. Ala. Sept. 4, 2013)("[T]he Supreme Court's determination that the "but for" causation standard applies where an employee alleges discrimination because he engaged in some protected activity also applies in the FMLA context."); *see also Taylor v. Rite Aid Corp.*, 993 F.Supp.2d 551, 556 (D.Md. Jan, 27, 2014)(citing *Nassar* to reject use of mixed-motive standard in FMLA Retaliation case); *see also Latta v. U.S. Steel-Edgar Thompson Plant,* 2013 WL 6252844, at *5 (W.D. Pa. Dec. 4, 2013)(citing *Nassar* in applying "but for" standard to FMLA Retaliation); *see also Adams v. Anne Arundel Cnty. Pub. Sch.,* 789 F.3d 422, 429 (4th Cir. 2015)("holding that FMLA Retaliation claims are analogous to Title VII Retaliation claims); *see also Joyce v. Office of Architect of Capitol,* 966 F. Supp. 2d 15, 23 (D.D.C. 2013) ("As in Title VII, to prove FMLA retaliation, a plaintiff must show that … the employer took the action ***because of*** his protected activity." (emphasis added)).

[20] *See* Order, 10 – 11, Dkt. #89 (holding "Defendants' arguments about what the Fifth Circuit and the Supreme Court might do, if they had occasion to reach the issue, are noted…").

[21] *Wheat*, 811 F.3d at 706.

[22] *See Johnson v. Benton County Sch. Dist.*, 926 F. Supp. 2d 899, 906 (N.D. Miss. 2013).

[23] *Id.* at 900.

---

chosen to certify an issue for interlocutory appeal, but it concludes, for the reasons previously stated, that the issues discussed in this order are urgently in need of clarification" [from the Fifth Circuit].[24] The case before the *Johnson* Court settled out of court two days later, and the parties therefore never took the question up to the Fifth Circuit. Thus, the substantial grounds for difference of opinion on this issue remain.

### iii. An Appeal Will Materially Advance the Ultimate Termination of this Litigation

10.     The ultimate termination of litigation is materially advanced when the resolution of a controlling question of law "'substantially shortens the litigation.'"[25] "In determining if an interlocutory appeal would materially advance the ultimate termination of the litigation, 'a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."[26] Here, this requirement is undoubtedly satisfied. This Court granted Plaintiff's Motion for New Trial on her FMLA Retaliation claim on this singular and discrete issue, holding Plaintiff Crankshaw "is entitled to have her claim reviewed under a mixed-motive analytical framework."[27] Plaintiff's Motion for New Trial was denied on all other claims.[28]

11.     Here, if the City is correct, and the Fifth Circuit holds that the Supreme Court's holdings in *Gross* and *Nassar* overruled *Richardson*, and shut the door on the use of the mixed-motive legal standard for FMLA Retaliation claims, then an immediate appeal to the Fifth Circuit would eliminate the need for an entire new trial.

---

[24] *Id.* at 906.
[25] *Gomez v. Niemann & Heyer, L.L.P.*, 1:16-CV-119 RP, 2016 WL 8673848, at *2 (W.D. Tex. Aug. 8, 2016).
[26] *Id.* (citing *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)).
[27] Order, 11, Dkt. #89.
[28] Order, 14, Dkt. #89 ("Crankshaw's request for a new trial on her FMLA retaliation claim is granted; all other relief she requests in the motion is denied.").

**B. Arguing solely in the Alternative, if this Court finds that Certification is not warranted, Defendant City of Elgin asks the Court to grant an extension of time to file its notice of appeal, as the Defense believes that the Court's order is appealable as a matter of right under the Collateral Order Doctrine.**

12.    This Court entered its Order granting Plaintiff's Motion for New Trial on February 24, 2020. Typically, an appeal permitted by law as of right from a district court must be filed with the district clerk within 30-days after entry of the judgment or order appealed from.[29] By the Defense's calculations, the 30-day deadline—if it applies—will have expired on March 25, 2020. As stated *supra*, the Defense believes that this Court's Order is an appealable Order under the Collateral Order Doctrine, as first adopted by the United States Supreme Court in *Cohen*.[30] Under the collateral order doctrine, an otherwise interlocutory order of the district court is appealable as a final decision under 28 U.S.C § 1291 if it falls within a "small class [of cases] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[31]

13.    Under the Federal Rules of Appellate Procedure, "a district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or **good cause.**"[32] Here, the Defense would show that there is good cause for the Court to grant the City's Motion for an Extension of Time to file a Notice of Appeal, because the Defense thought it prudent to forgo immediately filing this notice of appeal, so as to give this Court adequate time

---

[29] *See* FED. R. APP. P. 4(a)(1)(A).
[30] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *see also Mohawk Indus. v. Carpenter*, 558 U.S. 100, 103 (2009).
[31] *Stevens v. Corbell*, 832 F.2d 884, 887 (5th Cir. 1987) (citing *Cohen*, 337 U.S. at 69).
[32] FED. R. APP. P. 4(a)(5)(A) (emphasis added).

to consider the City's Motion requesting the Court to certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### III.    CONCLUSION

14.    Uncertainty regarding the mixed-motive standard's applicability to FMLA claims within the Fifth Circuit has lingered amongst the District Courts for years.[33] Back in 2013, the Northern District of Mississippi recognized "that the law in this circuit would be best served by at least giving the Fifth Circuit an opportunity to clarify the governing law."[34] Here, this Court is presented with the same opportunity to certify this singular yet persisting issue to the Fifth Circuit. The Defense prays that it has convinced the Court to take this opportunity, and that the Court will amend its February 24, 2020 Order, and certify it for interlocutory appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b), as doing so could potentially save the Parties and this Court from the expense and time burden of a second trial on the merits.

15.    Should the Court grant this Motion, the Defense asks that this Court stay proceedings until the interlocutory appeal is resolved under 28 U.S.C. § 1292(b).

---

[33] *See Johnson*, 926 F. Supp. 2d at 906.
[34] *Id*.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
900 Congress Avenue, Suite 500
Austin, Texas  78701
512/476-4600
512/476-5382- Facsimile

/s/ Archie Carl Pierce
By:_____
        Archie Carl Pierce
        State Bar No. 15991500
        cpierce@w-g.com
        Blair J. Leake
        State Bar No. 24081630
        bleake@w-g.com
        Stephen B. Barron
        State Bar No. 24109619
        sbarron@w-g.com

**ATTORNEYS FOR DEFENDANTS
CITY OF ELGIN AND THOMAS
MATTIS**

**<u>CERTIFICATE OF CONFERENCE</u>**

Counsel for the defense has complied with the Court's requirement to confer.  On March 24, 2020, Defense counsel conferred with Plaintiff's counsel via email on the Motion to Certify Order for Interlocutory Appeal or In the Alternative Motion for Extension to File Notice of Appeal. Upon receiving no response, the Defense presumes Plaintiff's counsel is opposed.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of March, 2020, a true and correct copy of the above and foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically serve a Notice of Electronic Filing on the following counsel of record:

David Campbell
O'HANLON, DEMERATH & CASTILLO
808 West Avenue
Austin, Texas  78701
**Attorneys for Plaintiff**


                                        /s/ Archie Carl Pierce
                                        Archie Carl Pierce