IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE CRANKSHAW, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-75-RP |
| CITY OF ELGIN and THOMAS MATTIS, *City Manager, in his individual capacity*, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendant City of Elgin's ("Elgin") motion to certify the Court's February 24, 2020, Order, (Dkt. 89) for interlocutory appeal, (Mot. Interloc. App., Dkt. 92), and Plaintiff Bonnie Crankshaw's ("Crankshaw") response, (Resp. Mot. Interloc. App., Dkt. 93).[1] After considering the parties' arguments, the record, and the relevant law, the Court grants the motion.[2]

### I. BACKGROUND

In this case, Crankshaw brought claims against her former employer, Defendant City of Elgin ("Elgin") and her former supervisor, Thomas Mattis ("Mattis") (collectively, "Defendants"), alleging interference and retaliation under the Family and Medical Leave Act ("FMLA") and discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). (Am. Compl., Dkt. 16, at 9–14). On May 23, 2019, after a full trial, the jury found that Elgin denied, restrained or interfered with Crankshaw's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA, after her October 3, 2016, request for FMLA leave. (Jury Verdict, Dkt. 71, at 1). The jury awarded Crankshaw $14,660.00 to compensate her for

---

[1] Elgin did not timely reply. *See* W.D. Tex. Loc. R. CV-7(f)(2).
[2] Because the Court grants the motion, the Court does not reach the parties' arguments concerning an extension of the deadline to file a notice of appeal. (*See* Mot. Interloc. App., Dkt. 92, at 7–8; Resp. Mot. Interloc. App., Dkt. 93, at 1–2).

1

wages, salary, employment benefits, and other compensation denied or lost between January 13, 2017, the date she was fired, and May 24, 2019, the date of the jury verdict, as a result of Elgin's FMLA interference. (Jury Verdict, Dkt. 71, at 6). The jury also awarded $5,000.00 to compensate Crankshaw for damages caused by Elgin's failure to timely respond to her earlier FMLA leave request on August 12, 2016. (*Id.*).

On September 5, 2019, Crankshaw filed a Motion to Alter or Amend the Judgment, or, Alternatively, for New Trial, asking the Court to increase her FMLA damages award for backpay or grant a new trial on certain claims. (Dkt. 85). The Court granted the motion in part and denied it in part. (Order, Dkt. 89).[3]

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) permits a district judge, in certain circumstances, to certify an issue for interlocutory appeal. The statute reads, in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, a party desiring interlocutory appeal must convince the Court that the Court's Order involved (1) a controlling question of law, (2) that there is substantial ground for difference of opinion about the question of law, and (3) that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). All three of these criteria must be met for an order to properly be certified for interlocutory appeal. *Clark–Dietz & Assocs.–Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*,

---

[3] *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2020 WL 889169 (W.D. Tex. Feb. 24, 2020).

2

116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *see also Clark–Dietz,* 702 F.2d at 69 ("Section 1292(b) appeals are exceptional."). Typically, interlocutory review is reserved for "exceptional" cases, as the basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Clark–Dietz*, 702 F.2d at 69.

Furthermore, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989); *see also Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III. ANALYSIS

Elgin and Crankshaw do not dispute the first two prongs of the interlocutory appealability test. The Court's decision to grant Crankshaw's motion for a new trial hinged in large part on its decision regarding the correct causation standard to apply to FMLA retaliation claims under current Fifth Circuit law. (*See* Order, Dkt. 89, at 7–12). This is a readily apparent controlling question of law. *See Rico*, 481 F.3d at 238. It involves a decision of "pure law," is reviewable "quickly and cleanly without having to study the record," and "has precedential value for a large number of cases." *In re Delta Produce*, No. BR 12-50073-A998, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013) (quoting *McFarling v. Conseco Servs., LLC,* 381 F.3d 1251, 1258 (11th Cir. 2004)) (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)); (*see also* Mot. Interloc. App., Dkt. 92, at 3–4).

3

Similarly, as the Court noted in its Order, there may be substantial ground for difference of opinion about the correct standard. (*See* Order, Dkt. 89, at 10–11, 10 n.2). While the Fifth Circuit has explicitly stated that neither it nor the Supreme Court has decided whether the "but for" causation standard applies to FMLA retaliation claims, as it does to Title VII retaliation claims, Elgin points to examples of district courts across circuits that have forged ahead and applied the "but for" standard. *Trautman v. Time Warner Cable Texas, L.L.C.*, 756 F. App'x 421, 428 n.5 (5th Cir. 2018); *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 706 (5th Cir. 2016); *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389–90 (5th Cir. 2013); (*see also* Resp. Mot. New Trial, Dkt. 86, at 12–13, 12 n.48; Mot. Interloc. App., Dkt. 92, at 4 & n.19). Again, however, the Court notes that none of the district court cases Elgin cites are from Fifth Circuit courts, and Elgin does not address the fact that "Fifth Circuit courts generally apply a mixed-motive analysis" to FMLA retaliation claims. (Order, Dkt. 89, at 11 n.3 (collecting cases)).

"[C]ourts have found substantial ground for difference of opinion" when "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point." *Ryan*, 444 F. Supp. 2d at 723–24 (quoting 4 John Bourdeau, et al., *American Jurisprudence: Appellate Review* § 128 (2d ed. 2005)). Here, the circuits are in dispute on the question and the Fifth Circuit has not spoken on the point, but the Court's ruling does not contravene at least two Courts of Appeals which have reached the issue. *Compare Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 167–69 (2d Cir. 2017) ("'[The FMLA] makes no mention of a motivating factor test, and unlike the statutes in *Nassar* and *Gross*, it lacks any indicia of Congress's intent to create 'but for' causation.") *and Egan v. Delaware River Port Auth.*, 851 F.3d 263, 273 (3d Cir. 2017) ("The FMLA interference provision on which the regulation is based does not provide a causation standard and thus does not unambiguously require the use of 'but-for' causation."), *with Sharp v.*

4

*Profitt*, 674 F. App'x 440, 451 (6th Cir. 2016) ("[I]t seems that FMLA retaliation requires a showing of but-for causation."). But even so—and especially given that Crankshaw does not dispute this point—the Court finds that there is a substantial ground for difference of opinion on the issue. *See Trautman*, 756 F. App'x at 428 n.5 (quoting *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005)) ("It is possible the *McDonnell Douglas* framework also does not apply when 'the employee concedes that discrimination was not the *sole* reason for her discharge, but argues that discrimination was *a* motivating factor in her termination.'").

The parties' disagreement focuses on the third element of the interlocutory appealability analysis: whether allowing an interlocutory appeal from the Court's Order would materially advance the ultimate termination of the litigation. (*See* Mot. Interloc. App., Dkt. 92, at 6; Resp. Mot. Interloc. App., Dkt. 93, at 2–4). Elgin argues that because the Court granted Crankshaw's motion for a new trial on the "singular and discrete issue" of the correct causation standard in FMLA retaliation claims, if an appeal is granted and the Fifth Circuit reverses that decision, it would "eliminate the need for an entire new trial." (Mot. Interloc. App., Dkt. 92, at 6). In response, Crankshaw notes that a new trial would be shorter than the original trial since fewer claims are at stake, with no additional discovery required, and that "an interlocutory appeal to the Fifth Circuit will likely incur more litigation expense than a simple trial on the discrete FMLA retaliation claim," particularly since the parties are negotiating a settlement agreement. (Resp. Mot. Interloc. App., Dkt. 93, at 2–3). Moreover, she contends, she has "preserved several appellate issues that could not be raised in an interlocutory appeal of this Court's order"; if an appeal is allowed at this point, "the parties would then be sent back to this Court only to likely travel again to the Fifth Circuit." (*Id.* at 3; *see also* Mot. Am. J., Dkt. 85, at 4–6, 9–11).

In determining if an interlocutory appeal would materially advance the ultimate termination of the litigation, "a district court is to examine whether an immediate appeal would (1) eliminate the

5

need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013); *accord Casanova v. Gold's Texas Holdings Grp., Inc.*, No. 5:13-CV-1161-DAE, 2016 WL 1446233, at *3 (W.D. Tex. Apr. 11, 2016). Or, as the Eleventh Circuit put it, the ultimate termination of litigation is materially advanced when the resolution of a controlling question of law "serve[s] to avoid a trial or otherwise substantially shorten[s] the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citing 16 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3930 at 432 (2d ed. 1996)); *accord In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) ("[T]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation."). During an interlocutory appeal, the appellate court may "address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'" *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (quoting 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.25[1] (2d ed. 1995)); *see also Melder v. Allstate Corp.*, 404 F.3d 328, 331 (5th Cir. 2005).

    Here, an appeal to the Fifth Circuit has the potential to eliminate the need for trial by resolving the core legal issue the Court addressed in its Order. If the Fifth Circuit resolved the issue of the causation standard applied to FMLA retaliation claims in Elgin's favor, it would conclude the litigation before the Court.[4] Moreover, the Fifth Circuit could address certain (if not all) of the potential appellate issues Crankshaw invokes, as the Court also discussed them in its Order. *See Yamaha*, 516 U.S. at 205; (Order, Dkt. 85, at 5–7, 12–13). Crankshaw's concerns about piecemeal appeals and litigation expense, though well-taken, are therefore not as strong as they might

---

[4] Of course, as Crankshaw points out, the Fifth Circuit could affirm the Court's order, further extending this litigation. (*See* Resp. Mot. Interloc. App., Dkt. 93, at 3).

6

otherwise be.[5] Consequently, the Court finds that an interlocutory appeal in this case has the potential to materially advance the termination of this litigation.

## IV.  CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Elgin's motion to certify the Court's February 24, 2020, Order, (Dkt. 89), for interlocutory appeal, (Mot. Interloc. App., Dkt. 92), is **GRANTED**.

**SIGNED** on April 14, 2020.

---

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[5] In addition, the parties' likely desire to avoid the expenses associated with an appeal that Crankshaw mentions may inform their settlement negotiations.